

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00284-CV

IN THE INTEREST OF J.B.K., A CHILD

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 85290L2, Honorable Jack M. Graham, Presiding

July 29, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J. and YARBROUGH and PRATT, JJ.

The court below terminated the parental rights of T.K., father of J.B.K. It appears from the record that an attorney represented T.K. below and filed a notice of appeal on his behalf.

The Clerk's Record was filed with this Court on May 28, 2026. The Reporter's Record was filed on June 24, 2026. T.K.'s brief was due on July 14, 2026. Upon not receiving a brief or an extension of time to file a brief, we sent a letter to T.K.'s attorney informing him that he must file a brief by July 27, 2026, or the matter would be abated and remanded to the trial court for further proceedings pursuant to Rule of Appellate

Procedure 38.8(a)(2). That date passed, and no brief or an extension to file a brief was filed. Further investigation led this Court to discover T.K.'s attorney had filed a motion to withdraw that had been granted by the trial court. No other attorney of record appears for T.K.

We abate this cause to the trial court with instructions to hold a hearing to determine (1) whether T.K. desires to proceed with the appeal; (2) whether T.K. has hired counsel to represent him, and (3) whether T.K. is indigent. *See* TEX. FAM. CODE. § 107.013. If T.K. no longer wishes to pursue an appeal, he must present this Court with a request to dispose of the appeal pursuant to Rule 42.1(a). TEX. R. APP. P. 42.1(a).

If T.K. is indigent, the trial court shall take such measures as may be necessary to ensure effective representation of counsel, which may include the appointment of new counsel. *See* TEX. FAM. CODE § 107.013; *Lassiter v. Dept. of Soc. Serv. of Durham City*, 452 U.S. 18, 101 S. Ct. 2153, 2160, 68 L. Ed. 2d 640 (1981) (consideration must be given to the risk that a parent will be erroneously deprived of his or her child because the parent is not represented by counsel). If T.K. wishes to waive his right to counsel, a knowing and intelligent waiver of such right must appear on the record.

The trial court is ordered to forward a complete record of the hearing, with its findings of fact and conclusions of law, to the Clerk of this Court within 20 days of the date of this order. Any orders issued shall be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before September 1, 2026.

It is so ordered.

Per Curiam